United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERONICA HILL,

      Plaintiff,

  v.

LINCOLN NATIONAL LIFE INSURANCE,

      Defendant.

_____/

No. C -13-00276 EDL

**ORDER DENYING PLAINTIFF'S RULE 56(d) MOTION TO EXTEND BRIEFING SCHEDULE AND ALLOW DISCOVERY**

      Plaintiff filed this ERISA matter regarding her long-term disability benefits in October 2012. The Court held a Case Management Conference on May 8, 2013.  The key issue in this case, as stated by the parties in the joint Case Management Conference statement, is whether ERISA applies to Plaintiff's claim for long term disability benefits and preempts her state law claims.  Docket No. 12 ¶ 3.  Thus, on May 17, 2013, the Court issued an order adopting the parties' proposed briefing schedule for a relatively early motion for summary judgment on ERISA preemption.  Defendant timely filed its motion for summary judgment on August 13, 2013.  On August 21, 2013, Plaintiff filed a Rule 56(d) motion to extend the briefing schedule and allow discovery, and on August 22, 2013, Defendant filed an opposition to the Rule 56(d) motion.  On August 27, 2013, Plaintiff filed an opposition to Defendant's motion for summary judgment.  For the reasons stated in this Order, Plaintiff's Rule 56(d) motion is denied.

      In response to a summary judgment motion, a nonmoving party may obtain relief pursuant to Federal Rule of Civil Procedure 56(d) if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). In the Ninth Circuit, a party seeking further discovery under Rule 56(d) must show that it diligently pursued such discovery prior to filing its motion. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439,

1443 (9th Cir.1986)). The party must also "make clear what information is sought and how it would preclude summary judgment." Id. (citing Garrett v. City & County of S.F., 818 F.2d 1515, 1518 (9th Cir.1987)) (internal  quotations omitted). In addition, there must be "some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009).

Counsel's declaration in support of Plaintiff's Rule 56(d) motion states that further discovery is necessary because Defendant included declarations in support of the motion for summary judgment from individuals previously unknown to Plaintiff.  In particular, Plaintiff seeks to take the depositions of Kevin Spann, the former owner and Chief Executive Officer of the Parker Group, which was the third-party administrator of Plaintiff's long-term disability policy; Christine Penkala, the Benefits Manager for Contra Costa County; and Cindy Daly, Appeals Manager at Lincoln National Life Insurance Company.  Lilienstein Decl. ¶¶ 3-5.  Plaintiff also seeks to take Rule 30(b)(6) depositions on several topics, and to serve Requests for Production of Documents.  Plaintiff states that this evidence would provide information concerning the involvement of Contra Costa County in Plaintiff's long-term disability policy and whether the plan was a governmental plan that would not be subject to ERISA.  Lilienstein Decl. ¶ 3.  Plaintiff also believes that this evidence may show that Plaintiff's policy falls under ERISA's safe harbor protections, so the plan is not preempted.  Id.

Plaintiff, however, has not made the threshold showing that she was diligent in seeking this discovery.  See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) (56(d) motion denied where party "had ample opportunity to conduct discovery," but failed to do so).  Plaintiff had approximately three months, from the time the Court adopted the parties' briefing schedule for a summary judgment motion until Defendant filed its brief, to conduct discovery on the key issue of ERISA preemption.  There has been no showing that Plaintiff attempted to, or did, conduct any discovery during those three months, even though Plaintiff knew that the Court had set a briefing schedule for a motion for summary judgment on the preemption issue, to which Plaintiff stipulated. In addition, it appears that at least one of these witnesses, Kevin Spann, was specifically known to Plaintiff in May 2013 when Defendant served initial disclosures containing an email from Mr.

Spann.  Fair Decl. ¶ 2; Ex. C.  Even if Plaintiff did not know the identities of the declarants used in support of Defendant's motion for summary judgment prior to the filing of the motion, she could have conducted written discovery and deposition discovery of the persons most knowledgeable from the various entities involved in this case during the three month period between the Court's May 10, 2013 scheduling order and the filing of Defendant's motion on August 13, 2013.

Plaintiff's Rule 56(d) motion and request to extend briefing schedule and allow discovery is denied.  The briefing schedule and hearing date as stated in the Court's May 17, 2013 Order remain in effect.

**IT IS SO ORDERED.**

Dated: August 28, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

**United States District Court**
For the Northern District of California

3